IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-40420
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD D. GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:02-CR-693-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Edward Garcia appeals his sentence, arguing that it exceeds the statutory maximum because it includes a three-year term of supervised release in addition to a two-year term of imprisonment. The government concedes error. The par-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ties request that this court modify the judgment by vacating the additional term of supervised release and otherwise affirm the sentence.

A district court may revoke a term of supervised release and require a defendant to return to prison. 18 U.S.C. § 3583(e)(3). Where the offense that results in the term of supervised release is a class D felony, as was Garcia's 2002 drug offense, the defendant may not be required to serve more than two years in prison. Id.; see 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(D).

Under the provision of § 3583(h), as that section provided at the time of Garcia's drug offense in 2002, the district court was also permitted to impose a term of supervised release to be served after imprisonment, but only where the term of imprisonment was less than the maximum term of imprisonment authorized under § 3583(e)(3). Although § 3583(h) has since been amended; the amendment will not be applied retroactively absent a plain statement that Congress so intended. See Johnson v. United States, 529 U.S. 694, 702-03 (2000).

The parties correctly argue that, because Garcia was sentenced to the maximum term of imprisonment under § 3583(e)(3), the district court was prohibited under the applicable version of § 3583(h) from imposing a subsequent term of supervised release. Accordingly, we MODIFY the judgment by VACATING the three-year term of supervised release, and we AFFIRM the judgment AS MODIFIED.